IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGO PATSCHECK,

    Applicant,

    v.                                      No. CIV 10-0473 JB/LAM

ARLENE HICKSON,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Applicant Margo Patscheck's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody, filed May 13, 2010 (Doc. 1). Also before the Court is the Applicant's Prisoner's Motion And Affidavit For Leave To Proceed Pursuant To 28 U.S.C. § 1915, filed May 13, 2010 (Doc. 2). The Court will grant the Motion and will dismiss the Application for lack of jurisdiction.

In a previous a § 2254 proceeding, Patscheck v. Snodgrass, No. CV 05-0190 JB/DJS, the Applicant attacked the same state court criminal conviction that is the subject of this proceeding. See Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972)(noting that court may take judicial notice of its own records). In the current application, the Applicant attacks only the sentence that the state court imposed. She alleges that the state habeas court had not ruled on her claims against the sentence when she filed her first § 2254 application.

Congress has put substantial barriers in place to minimize successive filing of habeas corpus petitions. Section 2244 of Title 28 of the United States Code contains the two such barriers

applicable in this case.  Section 2244(b)(3) creates a prerequisite to the filing of a successive habeas corpus petition: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3).

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  See also Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.  Section 2244(b)(2) limits the claims a prisoner can bring forth in a successive habeas petition:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The current Application is the Applicant's second and is not accompanied by an authorizing order as § 2244(b)(3) requires.  Furthermore, the Applicant's claims do not satisfy the criteria in § 2244(b)(2) that allow a district court to adjudicate a second application containing a new claim.  The Applicant's claims relate only to aspects of her sentencing, raising no new facts or new rules of constitutional law.  The Court would thus have to dismiss her subsequent petition in any case.

Therefore, according to the factors in In re Cline, the Court will dismiss the Applicant's Application for lack of jurisdiction.  And under rule 11 of the Rules Governing Section 2254 Cases, because the Applicant has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

    **IT IS ORDERED** that: (i) Applicant Margo Patscheck's Prisoner's Motion And Affidavit For Leave To Proceed Pursuant To 28 U.S.C. § 1915 (Doc. 2) is granted, and she may proceed without prepayment of costs or other fees or the necessity of giving security therefor; and (ii) Applicant Margo Patscheck's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody (Doc. 1) is dismissed for lack of jurisdiction; (iii) judgment will be entered; and (iv) a certificate of appealability will not issue.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE

*Parties*:

Margo Patscheck
Grants, New Mexico

    *Applicant pro se*