**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARGO PATSCHECK,

    Applicant,

    v.                                    No. CIV 10-0473 JB/LAM

ARLENE HICKSON,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Applicant Margo Patscheck's Motion To Amend, Alter, Or Vacate Judgment In Part; And To Allow Petitioner To Amend Habeas Petition In Part - R. 59(c), filed on June 10, 2010 (Doc. 7). Patscheck asks the Court to vacate the order that dismissed her application for writ of habeas corpus so she can include claims that were not exhausted when she filed her application. The motion asserts, almost exclusively, claims against the underlying state criminal conviction. Specifically, Patscheck alleges that her attorney provided ineffective assistance, and that the state courts substituted their judgment for clearly established law, did not provide full and fair hearings, and imposed an illegal sentence.

On May 28, 2010, the Court dismissed Patscheck's petition for habeas corpus because it concluded that the petition constituted a second or successive habeas petition. See Memorandum Opinion and Order of Dismissal at 1-2, filed May 28, 2010 (Doc. 5). Because the habeas petition was not accompanied by an authorizing order from the United States Court of Appeals for the Tenth Circuit, as 28 U.S.C. § 2244(b)(3) requires, the Court dismissed the petition for lack of jurisdiction. See Memorandum Opinion and Order of Dismissal at 2-3 (citing In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)). Patscheck has not provided the Court with the necessary authorizing order.

Nothing in Patscheck's motion convinces the Court that its initial analysis of its jurisdiction was incorrect. The Court thus continues to find that, until Patscheck acquires the authorizing order or provides a reason why the underlying habeas petition is not a second or successive petition, the Court will continue to lack jurisdiction.[1]

Moreover, Patscheck's motion constitutes yet another successive petition. "Under Gonzalez [v. Crosby, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). See In re Lindsey, 582 F.3d 1173, 1175-76 (10th Cir. 2009)(detailing factors for determining whether 60(b) motion is a second or successive petition).[2] Furthermore, "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). See United States v. Harrison, No. 09-2220, 2010 WL 2331173, at *2 (10th Cir. June 10, 2010)(using same analysis for § 2254

---

[1] The Court addressed Patscheck's previous petition for habeas corpus and dismissed the petition on the merits on January 30, 2007. See Patscheck v. Snodgrass, No. CIV 05-0190 JB/DJS, Order and Judgment at 1, filed January 31, 2007 (Doc. 32)(adopting the Magistrate Judge's Proposed Findings and Recommended Disposition); Patscheck v. Snodgrass, No. CIV 05-0190 JB/DJS, Magistrate Judge's Further Proposed Findings and Recommended Disposition, filed December 20, 2006 (Doc. 30); Patscheck v. Snodgrass, No. CIV 05-0190 JB/DJS, Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 26, 2006 (Doc. 22). Because the Court ruled on the merits of Patscheck's prior habeas petition and dismissed it with prejudice -- rather than dismissing it without prejudice for failure to exhaust state remedies -- it was her first petition for the purposes of 28 U.S.C. § 2244(b), and the current petition constitutes her "second or successive" petition. McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997)(holding that "a habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1)").

[2] "The analysis is the same for determining whether a Rule 59(e) motion or Rule 60(b) motion is a second or successive motion. . . . Accordingly, for the purposes of this order only we will use Rule 59(e) and Rule 60(b) interchangeably." In re Gwathney, No. 08-2145, slip ord. at 2, n.1 (10th Cir. July 30, 2008).

petitions and § 2255 motions; vacating district court's denial of 60(b) motion for lack of jurisdiction).  The Court may not rule on Patscheck's claims, see <u>United States v. Nelson</u>, 465 F.3d at 1148, and, therefore, will dismiss Patscheck's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Applicant Margo Patscheck's Motion To Amend, Alter, Or Vacate Judgment In Part; And To Allow Petitioner To Amend Habeas Petition In Part - R. 59(c), filed on June 10, 2010 (Doc. 7), is dismissed for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Margo Patscheck
Grants, New Mexico

    *Applicant pro se*

3